

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

_____

*970 Broad Street, 7th floor*         973-645-2700
*Newark, New Jersey 07102*

May 20, 2019

**FILED BY ECF**

The Honorable Noel L. Hillman
United States District Court
Mitchell H. Cohen Building and U.S. Courthouse
4th and Cooper Streets
Camden, NJ 08101

    Re:    <u>United States v. Anthony Spruill, Criminal Number 12-515 (NLH)</u>

Dear Judge Hillman:

    The defendant, Anthony Spruill (hereinafter "the defendant" or "Spruill"), has filed a motion asking this Court to declare him eligible for transfer to home confinement pursuant to the First Step Act of 2018. FIRST STEP ACT OF 2018, PL 115-391, December 21, 2018, 132 Stat 5194. As explained below, this Court lacks jurisdiction over his motion.

    **I.**    **The Original Sentence**

    On August 2, 2012, Spruill pled guilty to conspiracy to distribute and possess with intent to distribute heroin, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), in violation of 21 U.S.C. § 846. *See* Docket Entries 39-43. On June 6, 2017, this Court sentenced Spruill to a term of imprisonment of 48 months and a term of supervised release of three years. Docket Entry 51. Following two requests to extend his surrender date, Spruill self-surrendered to the Bureau of Prisons ("BOP") on September 6, 2017. Spruill's projected release date from BOP is February 27, 2021. *See* Inmate Locator, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (select "Find By Number" tab; enter "63909-050" into "Number" search box; and click "Search") (last visited May 19, 2019). He is currently incarcerated at USP Canaan, in Waymart, Pennsylvania, within the Middle District of Pennsylvania.

## II.     Application of the First Step Act

Section 602 of the First Step Act amended 18 U.S.C. § 3624(c)(2) by adding that "The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph."  Section 603(a) of the First Step Act reauthorizes the pilot program described in 34 U.S.C. § 60541(g), and expands the group of elderly and terminally ill inmates who are eligible for consideration for home detention as opposed to incarceration.  Section § 60541(g)(1) now states that, "upon written request from either the Bureau of Prisons or an eligible elderly offender or eligible terminally ill offense," the "Attorney General may release" the offender "to home detention" until "the expiration of the prison term to which the offender was sentenced."  34 U.S.C. § 60541(g)(1)(A)–(B).  But "§ 60541 only authorizes the Attorney General, not the courts, to modify the method of imprisonment from a BOP facility to home confinement."  *United States v. Perez-Asencio*, No. 18-cr-3611-H, 2019 WL 626175, at *4 (S.D. Cal. Feb. 14, 2019.  That is because the First Step Act only "permits courts to modify an imposed term of imprisonment, not the method of incarceration[,]" *id.*, and when "a court sentences a federal offender, the BOP has plenary control, subject to statutory constraints, over 'the place of the prisoner's imprisonment,'" *Tapia v. United States*, 564 U.S. 319, 331 (2011) (quoting 18 U.S.C. § 3621(b).

Thus, to seek judicial review of eligibility for relief under § 60541(g), Spruill at a minimum must first exhaust his administrative remedies with the Bureau of Prisons then file a habeas petition under 28 U.S.C. § 2241 in the district of confinement.  *See, e.g.*, *Vasquez v. Strada*, 684 F.3d 431, 433–434 (3d Cir. 2012) (per curiam) (addressing similar provision in the Second Chance Act of 2007); *Hoffenberg v. Warden*, 2009 WL 2778427 at *6 (D.N.J. Aug. 31, 2009) (dismissing 28 U.S.C. § 2241 petition by Fort Dix prisoner seeking release under the Second Chance Act because petitioner did not exhaust his administrative remedies).  So far as the Government is aware, however, Spruill has not exhausted his administrative remedies with the Bureau of Prisons.  Moreover, because Spruill is confined in the Middle District Pennsylvania, this Court lacks jurisdiction over any claim of entitlement to transfer to home confinement.  That would be a challenge to the execution of his sentence, which can be brought, if at all, only under 28 U.S.C. § 2241 in the district of confinement.  *See Vasquez*, 684 F.3d at 433–34; *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 237, 241–42 (3d Cir. 2005).[1]

---

[1] *See also United States v. Overcash*, No. 3:15-cr-263-FDW-1, 2019 WL 1472104, at *3 & n.2 (W.D.N.C. Apr. 3, 2019) (acknowledging that "that the Second Chance Act has no provision for judicial review of the BOP's and Attorney General's decision with regards to a request for home detention under

Nor is there any point in transferring venue of this motion to the United States District Court for the Middle District of Pennsylvania. Although Spruill will turn 63 next month, and therefore satisfies 34 U.S.C. § 60541(g)(5)(A)(i), he only has been incarcerated for 20.5 months. Consequently, Spruill has not yet served two-thirds of his 48-month term of incarceration (32 months, not including good time credit). And so far as the Government is aware, he does not qualify as an "eligible terminally ill offender" because he has not "been determined by a medical doctor approved by the Bureau of Prisons to be" either "in need of care at a nursing home, intermediate care facility, or assisted living facility" or been "diagnosed with a terminal illness." 34 U.S.C. § 60541(g)(5)(D). Thus, even were this Court to transfer venue over Spruill's motion to the Middle District of Pennsylvania, the motion would be denied as premature. It likely would be denied on the merits, as well. *See, e.g., Parsons v. Warden*, No. 3:18-cv-1406, 2019 WL 469913, at *4 (M.D. Pa. Feb. 6, 2019) (denying such a § 2241 petition).

Spruill also seems to be contending that he soon will have served the requisite two-thirds of his sentence once good time credits are considered. *See* Docket Entry 57 at 4 ("Now the President of the U.S. said ... that inmates (60) and older shall serve two thirds of there [sic] sentence, and inmates shall receive (54) days in good time, his words where [sic] clear and direct along with other incentive, that inmates may receive for credits to lower their sentence"). The First Step Act's provision increasing the maximum amount of good time credit, however, "will not take effect until approximately mid-July 2019." *Pizarro v. White*, No. 1:19-CV-343, 2019 WL 1922437, at *1 (M.D. Pa. Apr. 30, 2019) (finding that an inmate's "request for a recalculation of his good-time credit based upon the amendments is premature"). Moreover, once that provision does go into effect, how much good time credit Spruill deserves will be for BOP to determine in the first instance, subject to judicial review only through § 2241 once he exhausts his administrative remedies or shows good cause for not exhausting them. *See Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757 (3d Cir. 1996) (discussing prerequisites for seeking judicial review of good time credit determinations generally); *United States v. Parrett*, No. 01-CR-168-JPS, 2019 WL 1574815, at *2 (E.D. Wis. Apr. 11, 2019) (holding that "when the good-time provisions of the Act do go into effect, the proper vehicle for" prisoners "to use to request relief (after exhausting administrative remedies) would be a" § 2241 petition).

---

§ 60541(g)" but expressing "no opinion regarding the availability of relief pursuant to civil remedies such as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241").

For all these reasons, Spruill's motions should be dismissed for lack of jurisdiction.

Respectfully submitted,

CRAIG CARPENITO
United States Attorney


/s/ *Mary E. Toscano*

By:  MARY E. TOSCANO
Assistant U.S. Attorney


cc:   Anthony Spruill, *pro se* (by first class mail)
      Reg. No. 63909-050
      USP Canaan
      U.S. Penitentiary
      Satellite Camp
      P.O. BOX 200
      Waymart, PA  18472