RECEIVED

JUN 04 2019

NOEL L. HILLMAN
U.S. DISTRICT JUDGE

To: Judge Hillman
Subject: Pursuant to 34 U.S.C. 60541(G)(1)(B), 3624(C)(B) of title 18)
Case 1: 12-CR-00515-NLH

Your Honor:

I am sending the U.S. Department of Justice Federal Bureau of Prisons, Operational Memorandum, OPI: RSD\RRM, Dated April 4, 2019.

How much of exhausting administrative remedies is require, When inmates here are told this is how it is and there is no other recourse, I have sent you my documents of my requests made to the U.S. Attorney and pertinent officials concerning this matter in question.

This Memorandum was sent so that the inmates can stop making there requests, and to go by what is stated and there interpretation. I was told by my case worker that this is how it is, and his hands are tied. I talk to my case worker several times on this matter and his advise was to take it to court. There is no other recourse but through the Courts

One of my issues are there is no were to my knowledge that legally states that inmates who apply for Elderly Offenders Release, Pursuant to 34 U.S.C. section 60541(G)(1)(B) are not entitled to 3624(C)(B) of title 18.

The law is clear, Section 3624(C) of title 18, United States code, as amended by this section, shall apply with respect to all inmates, regardless of the date of there offense.

Despite (54) days being clearly written in the statue, the (BOP) has interpret this to mean a maximum of 47 days per year. See page 1+2 and exhibit (1)(2)(3)(4). It is clear that BOP, are giving inmates (GCT) credits, to all inmates. Congress conversion of the former statues active language, do not give ground to the (BOP) to assume or any ontention to challenge a well established procedure for determining a certain group of the individuals can or cannot recieved credits. See Justice Stevens opinion on pg 5, also United States Railroad Retirement Board (pg-6) (pg 7)

I pray that this enough to have you Your Honor to look into this serious matter, and the injusted being displayed with this particular statue; It does not say because you recieved the 2/3 you cannot recieved what is entitled to you by statue (60541) of 34 U.S.C.) or 3624(C)(B) of title 18)

(2) If needed I can give you several names who have been denied by this Warden as well as from the Department of Justice! Your 'Honor' my hope is that this matter be heard, not just for me, but for those who are awaiting for the law to be interpret fair and correctly!! I believe you are a Judge that follow's the law and its Constitution to the letter!

May God Bless You!

Respectfully submitted
Anthony Spruill Pro-Se
Dated 5-20-19

apply to case 1:12

TRULI*

---

TO: *  *54
SUBJECT: Home Confinemnt under the First Step Act
DATE: 04/07/2019 03:21:07 PM

U.S. Department of Justice
Federal Bureau of Prisons
O P E R A T I O N S M E M O R A N D U M
OPI: RSD/RRM
NUMBER: 001-2019
DATE: April 4, 2019
EXPIRATION DATE: April 4, 2020
Home Confinement under the First Step Act
/s/
Approved: Hugh J. Hurwitz
Acting Director, Federal Bureau of Prisons

The First Step Act of 2018 (FSA) contained additional requirements for the Bureau of Prisons (Bureau) in placing inmates in home confinement generally, and re-established and expanded a pilot program under the Second Chance Act to place elderly and terminally ill inmates in home confinement.

The terms "home confinement" and "home detention" are used interchangeably in this Operations Memorandum.

Institution Supplement. None required. Should local facilities make any changes outside the required changes in the national policy or establish any additional local procedures to implement the national policy, the local Union may invoke to negotiate procedures or appropriate arrangements.

1. HOME CONFINEMENT FOR LOW RISK OFFENDERS

Section 602 of the FSA modified 18 U.S.C. § 3621 (c)(1), authorizes the Bureau to maximize the amount of time spent on home confinement when possible. The provision now states, with the new FSA language in bold,

"Home confinement authority. The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months. The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph."

OM 001-2019 4/4/2019 2

The Bureau interprets the language to refer to inmates that have lower risks of reoffending in the community, and reentry needs that can be addressed without RRC placement. The Bureau currently utilizes home confinement for these inmates. Accordingly, staff should refer eligible inmates for the maximum amount of time permitted under the statutory requirements.

...it: CAA-G-A

SUBJECT: Home Confinement 2
DATE: 04/07/2019 03:21:07 PM

The statutory language will be added to the Program Statement Home Confinement.
2. PILOT PROGRAM FOR ELIGIBLE ELDERLY OFFENDERS AND TERMINALLY ILL OFFENDERS
Section 603 (a) of the FSA reauthorized and modified the pilot program conducted under the Second Chance Act, 34 U.S.C. § 60541, as follows:
(a) Scope of Pilot
The Bureau shall conduct a pilot program to determine the effectiveness of removing eligible elderly offenders and eligible terminally ill offenders from Bureau facilities and placing such offenders on home detention until the expiration of the prison term to which the offender was sentenced.
Under 34 U.S.C. § 60541 (h), the pilot will be conducted during Fiscal Years 2019 through 2023.
(b) Placement in home detention
The Bureau may release some or all eligible elderly offenders and eligible terminally ill offenders from Bureau facilities to home detention, upon written request from either the Bureau staff, or an eligible elderly offender or eligible terminally ill offender.
(c) Waiver
Under 34 U.S.C. § 60541 (g)(1)(C), the Bureau is authorized to waive the requirements of section 3624 of Title 18 [home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months] as necessary to provide for the release of some or all eligible elderly offenders and eligible terminally ill offenders from Bureau facilities to home detention for the purposes of the pilot program.
(d) Violation of terms of home detention
A violation by an eligible elderly offender or eligible terminally ill offender of the terms of home detention (including the commission of another Federal, State, or local crime) shall result in the removal of that offender from home detention and the return of that offender to the designated Bureau institution in which that offender was imprisoned immediately before placement on home detention as part of this pilot, or to another appropriate Bureau institution, as determined by the Bureau.
OM 001-2019 4/4/2019 3
The Bureau will remove an inmate from this pilot in accordance with the Program Statement Inmate Discipline Program, and the Program Statement Home Confinement.
(e) Definitions
The following statutory definitions set out criteria for the implementation of this pilot program only:
Eligible elderly offender means an offender in the custody of the Bureau-
(1) who is not less than 60 years of age;
(2) who is serving a term of imprisonment that is not life imprisonment based on conviction for an offense or offenses that do not include any crime of violence (as defined in section 16 of Title 18), sex offense (as defined in section 20911(5) of this title), offense described in section 2332b(g)(5)(B) of Title 18, or offense under chapter 37 of Title 18, and has served 2/3 of the term of imprisonment to which the offender was sentenced;
(3) who has not been convicted in the past of any Federal or State crime of violence, sex offense, or other offense described in paragraph (2), above.
(4) who has not been determined by the Bureau, on the basis of information the Bureau uses to make custody classifications, and in the sole discretion of the Bureau, to have a history of violence, or of engaging in conduct constituting a sex offense or other offense described in paragraph 2 above;
(5) who has not escaped, or attempted to escape, from a Bureau of Prisons institution (to include all security levels of Bureau facilities);
(6) with respect to whom the Bureau of Prisons has determined that release to home detention under this section will result in a substantial net reduction of costs to the Federal Government; and

TRULINCS 53

---

(7) who has been determined by the Bureau to be at no substantial risk of engaging in criminal conduct or of endangering any person or the public if released to home detention.
Eligible terminally ill offender means an offender in the custody of the Bureau who
(1) is serving a term of imprisonment based on conviction for an offense or offenses that do not include any crime of violence (as defined in section 16(a) of Title 18, United States Code), sex offense (as defined in section 111(5) of the Sex Offender Registration and Notification Act (34 U.S.C. § 20911(5))), offense described in section 2332b(g)(5)(B) of Title 18, United States Code, or offense under chapter 37
OM 001-2019 4/4/2019 4
of Title 18, United States Code;
(2) satisfies the criteria specified in paragraphs 3 through 7 included in the Eligible Elderly Offender definition, above; and
(3) has been determined by a medical doctor approved by the Bureau, i.e. Clinical Director of the local institution, to be:
 in need of care at a nursing home, intermediate care facility, or assisted living facility, as those terms are defined in section 232 of the National Housing Act (12 U.S.C. § 1715w); or
 diagnosed with a terminal illness.
Home detention has the same meaning given the term in the Federal Sentencing Guidelines as of April 9, 2008, and includes detention in a nursing home or other residential long-term care facility. As with all home confinement placements, the home must be found to be appropriate under the provisions of the Program Statement Home Confinement.
Term of imprisonment includes multiple terms of imprisonment ordered to run consecutively or concurrently, which shall be treated as a single, aggregate term of imprisonment for purposes of this section.
(f) Procedures
Offenders referred under this pilot shall be processed for home detention utilizing current RRC/Home Confinement procedures.
For Eligible Elderly Offenders, a BP-A0210, Institutional Referral for CCC Placement, will be completed. Staff should refer all inmates meeting criteria (1) through (5) in the definition of Eligible Elderly Offender, above. Reentry Services Division (RSD) staff will determine if the inmate meets criteria (6) and (7) under the definition. A clear annotation will be made on the referral packet that "This inmate is being referred for Home Confinement placement under the provisions contained in the First Step Act for placement of eligible elderly offenders and eligible terminally ill offenders."
For Eligible Terminally Ill Offenders, to include debilitated offenders that may need placement in nursing home, intermediate care facility, or assisted living facility, institution staff will refer the inmate for a Reduction in Sentence (RIS) under Program Statement Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g). If not appropriate for a RIS, the Office of General Counsel will provide RSD the RIS packet for consideration under this pilot.

63909-050
Anthony Spruill
FPCC UNIT G
PO BOX 200
Waymart, PA 18472
United States

LEHIGH VALLEY PA 180

23 MAY 2019 PM 2 L



RECEIVED

JUN 04 2019

NOEL L. HILLMAN
U.S. DISTRICT JUDGE

Honorable Noel L. Hillman
United States District Court
Camden N.J 08101
P.O. Box 2797

08101-279797