```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
_____
                                :
UNITED STATES OF AMERICA,       :
                                :
         Plaintiff,             :    No. 12-cr-515 (NLH)
                                :
    v.                          :    MEMORANDUM AND ORDER
                                :
ANTHONY SPRUILL,                :
                                :
         Movant.                :
_____     :
```

It appearing that:

1. On June 1, 2017, Movant Anthony Spruill, was sentenced by this Court to a term of imprisonment of forty-eight (48) months after a conviction for conspiracy to possess with intent to distribution heroin. ECF No. 51. Spruill is presently incarcerated at the United States Penitentiary at Canaan in Waymart, Pennsylvania, and has filed a motion by letter requesting to be released to home confinement as an elderly offender based on the recently-enacted First Step Act of 2018 ("the Act"), Pub. L. No. 115-015, 132 Stat. 015 (2018). ECF No. 57. Movant is presently set to be released on January 30, 2021, according to the Bureau of Prison's Inmate Locator.

2. To the extent that he seeks a modification of his sentence, the Court is without jurisdiction to grant such relief or resolve his motion in the context of his underlying criminal case. Ordinarily, a sentencing court "may not modify a term of

imprisonment once it has been imposed" except in certain limited circumstances set forth in the governing statute, 18 U.S.C. § 3582, and not applicable here.

3. Rather than seek a modification of criminal sentence, what Movant Spruill apparently seeks is judicial review of a Bureau of Prisons decision not to grant him release to home confinement as an elderly offender at this time.[1]

4. Accordingly, Spruill's application challenges not the sentence imposed (nor seeks its modification) but rather how the sentence is executed by the BOP. His motion therefore sounds in habeas and was improperly filed as a motion in his underlying criminal case. More precisely, a prisoner's challenge to his eligibility for placement in home confinement is properly brought as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. See, e.g., Woodall v. Federal Bureau of Prisons,

---

[1] Section 602 of the First Step Act amended 18 U.S.C. § 3624(c)(2) by adding that "The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph." In addition, section 603(a) of the First Step Act reauthorizes the pilot program described in 34 U.S.C. § 60541(g), and expands the group of elderly and terminally ill inmates who are eligible for consideration for home detention as opposed to incarceration. Section 60541(g)(1) now provides that, "upon written request from either the Bureau of Prisons or an eligible elderly offender or eligible terminally ill offense," the "Attorney General may release" the offender "to home detention" until "the expiration of the prison term to which the offender was sentenced." 34 U.S.C. § 60541(g)(1)(A)-(B).

2

432 F.3d 235, 238-39 (3d Cir. 2005); Briley v. Ortiz, No. 17-cv-3535, 2017 WL 4228059 (D.N.J. Sept. 22, 2017).

5. Properly construed as a § 2241 petition and not a criminal motion, this Court lacks jurisdiction to consider it. A § 2241 petition must be brought in the prisoner's district of confinement. Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004). Petitioner's district of confinement based on his incarceration at USP Canaan is the U.S. District Court for the Middle District of Pennsylvania.

6. In sum, the Court construes Movant's letter request as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and will sua sponte transfer it to the U.S. District Court for the Middle District of Pennsylvania.

Therefore, IT IS on this  24th  day of October, 2019,

ORDERED that the Clerk of Court is directed to open a new matter pursuant to 28 U.S.C. § 2241, docket the above-referenced letter request, ECF No. 57 and all subsequent docket entries, including this Memorandum and Order, therein [Docket Nos. 57 – 63 inclusive plus this Memorandum and Order]; and it is further

ORDERED that the Clerk of Court is directed to terminate the letter request, ECF No. 57, in the criminal case only to the extent that it appears as a motion; and it is further

3

ORDERED that the newly-opened matter shall be transferred to the U.S. District Court for the Middle District of Pennsylvania; and it is further

ORDERED that the Clerk of the Court shall effectuate the transfer on an expedited basis pursuant to 28 U.S.C. §§ 1406(a) and 1631; and it is finally

ORDERED that the Clerk of the Court shall serve a copy of this Order upon Petitioner by regular U.S. mail.


At Camden, New Jersey                s/ Noel L. Hillman
                                       NOEL L. HILLMAN, U.S.D.J.